Mr. Richard E. Doran General Counsel Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Doran:
You ask substantially the following question:
Does section 287.042(17), Florida Statutes, apply to the contract between the Department of Health and Rehabilitative Services and the designated financial agent of the United States Treasury Department for electronic benefit transfer services?
In sum:
Section 287.042(17), Florida Statutes, appears to vest in the Department of Management Services the discretion to permit the Department of Health and Rehabilitative Services to contract for the services of the United States Treasury Department's designated financial agent without competitively bidding the contract under Chapter 287, Florida Statutes.
Section 409.942, Florida Statutes, authorizes the Department of Health and Rehabilitative Services (HRS) to establish an electronic benefit transfer (EBT) program for the dissemination of food stamp benefits and Aid to Families with Dependent Children payments.[1] The department is required to develop, in accordance with applicable federal laws and regulations, minimum program requirements and other initiatives, and an operational pilot program must be in place by July 1, 1996.[2] In addition, HRS is authorized to "enter into public-private contracts for all provisions of the electronic transfer of public assistance benefits, including, but not limited to, the necessary electronic equipment and technical support for the electronic benefit transfer pilot program."[3]
The Department of Health and Rehabilitative Services, in carrying out its statutory mandate to develop an EBT program in accordance with applicable federal laws and regulations, has determined that participation in the national EBT program best fulfills the purposes and goals for developing an EBT program within this state. In making such a determination, HRS appears to be acting within its authority under section 409.942, Florida Statutes, to develop an EBT program.
As part of the implementation of the EBT program, Florida joined the Southern Alliance of States (SAS), a coalition of seven southern states created for the purpose of designing and implementing a streamlined and cost-effective national EBT system.[4] Representatives from various federal agencies also participated in the SAS process.[5]
The United States Treasury Department, working with Florida and other SAS states, issued its Invitation for Expression of Interest (IEI) to acquire EBT services from insured financial institutions. The IEI process is a competitive procurement process. The services to be provided under the IEI
include EBT services for direct Federal payments, Settlement Services, and EBT services for State administered programs applicable to all States in the [SAS]. The Financial Management Service (FMS) and members of the SAS will jointly evaluate submissions, and the FMS will select one Financial Institution to deliver EBT services for the SAS. Each SAS State will execute a contract with the designated Financial Agent to initiate State EBT services.[6]
The Southern Alliance of States members were advised by the federal agencies that under the federal Intergovernmental Cooperation Act,[7] the states could use the federal IEI.[8] You state that as a result of the IEI process, the Financial Management Service of the United States Treasury Department has selected Citibank as the designated financial agent.[9]
Chapter 287, Florida Statutes, provides for the procurement of personal property and services by a state agency. In Part I of Chapter 287 the Legislature has developed a system of uniform procedures for use by state agencies in procuring commodities and contractual services. Section 287.042(17), Florida Statutes, however, authorizes the Division of Purchasing of the Department of Management Services (DMS):
To evaluate contracts let by the Federal Government . . . for the provision of commodities and contract services, and, when it is determined to be cost-effective and in the best interest of the state, to enter a written agreement authorizing a state agency to make purchases under a contract approved by the division and let by the Federal Government. . . .
Thus, DMS may authorize an agency to participate in a contract let by the federal government when it determines such participation is cost-effective and is in the state's best interest.
While the provisions of section 287.042(17), Florida Statutes, are relatively new and have not yet been judicially interpreted,[10]
an examination of the title to the act creating the subsection indicates a legislative intent to permit state agencies to make purchases under contracts let by other governmental entities. The United States Treasury Department has utilized the IEI process, a competitive procurement process, for its selection and designation of a financial agent for the national EBT program. The language of section 287.042(17), authorizing DMS to allow state agencies to make purchases under a contract "let by the Federal Government," appears sufficient to vest DMS with the discretion to permit HRS to contract for the services of Citibank, utilizing the federal competitive IEI process and its resulting designation of Citibank as the financial agent for the national EBT program.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] Section 409.942(1), Fla. Stat. (1995). Such benefits and payments include refugee cash assistance payments, asylum applicant payments and child support disregard payments. The statute provides that if the federal government does not enact legislation or regulations providing for dissemination of supplemental security income (SSI) by electronic benefit transfer, the state may include SSI in the program.
[2] Section 409.942(2), Fla. Stat. (1995).
[3] Section 409.942(3), Fla. Stat. (1995).
[4] The seven states comprising the SAS are Alabama, Arkansas, Florida, Georgia, Missouri, North Carolina, and Tennessee.
[5] Representatives participating were from the Federal EBT Task Force, the Treasury Department's Financial Management Service, the Office of Management and Budget, the Social Security Administration, the Food and Consumer Service of the Department of Agriculture, and the Administration for Children and Families of the Department of Health and Human Services.
[6] Section I.A., p. 1, Invitation for Expressions of Interest to Acquire EBT Services for the Southern Alliance of States, March 9, 1995, Department of the Treasury, Financial Management Service. And see, at I.B., p. 3, stating that the financial agent selected as a result of the IEI "will be the Financial Institution to be designated as a Government Designated Issuer (GDI) for Benefit Security Cardssm as envisioned in the Federal EBT Task Force report to Vice President Gore,[Creating a Benefit Delivery System That Works Better Costs Less — An Implementation Plan for Nationwide EBT, Washington, D.C., May 1994]."
[7] 31 U.S.C. § 6501 et seq.
[8] You state that your staff has compared the IEI process with Florida's requests for proposals process established in Chapter 287, Florida Statutes, and concluded that the two are similar.
[9] See, Transactive Corporation v. United States, Case No. 95-0603 (D.D.C. September 7, 1995), on appeal sub nom., Transactive Corporation v. Rubin, Case No. 96-5312 (D.C. Cir. 1996), in which the district court denied Transactive's motion for summary judgment alleging that the United States Treasury Department impermissibly excluded nonfinancial institutions from the IEI process. The court granted the defendants' motion for summary judgment, stating that the Treasury Department had not acted arbitrarily, capriciously, or in violation of law.
[10] See, s. 2, Ch. 95-216, Laws of Florida.